# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE D. SAMPSON,<br><br>　　　　　　Plaintiff,<br>　　vs.<br>RICHARD TAUER, et al.,<br><br>　　　　　　Defendants. | Case No. SACV 15-02158-MWF (DTB)<br><br>ORDER TO SHOW CAUSE |

## PROCEEDINGS

On December 28, 2015, plaintiff filed this pro se civil rights action. Named in the Complaint as defendants in their individual capacities are Richard Tauer ("Tauer"), Donna Brush ("Brush"), Mark Bresee ("Bresee"), Erica Williams ("Williams"), Marian Kim-Phelps ("Kim-Phelps"), Vicki Hansen ("Hansen"), James Jimenez ("Jimenez"), Mary Mangold ("Mangold"), Jamison Power ("Power"), Khanh Nguyen ("Nguyen"), Penny Loomer ("Loomer"), and Amy Walsh ("Walsh"). Also named is the Westminster Board of Trustees (the "Board") for the Westminster School District ("WSD").

On February 11, 2016, Mangold and Nguyen filed a Motion to Dismiss and Motion for More Definite Statement ("First Motion"), on the grounds that plaintiff fails to state a claim upon which relief can be granted and plaintiff's claims are barred

by the statute of limitations. On March 3, 2016, Power, Loomer, Walsh, Kim-Phelps, Hansen, and Jimenez filed a Motion to Dismiss and Motion for More Definite Statement ("Second Motion"), on the grounds that plaintiff fails to state a claim upon which relief can be granted, plaintiff's claims are barred by the statute of limitations, and plaintiff fails to identify any cognizable legal theory against Hansen, Loomer, Kim-Phelps, and Jimenez. On March 10, 2016, plaintiff filed an Opposition to the First Motion and on March 25, 2016, he filed an Opposition to the Second Motion. On April 7, 2016, Tauer filed a Motion to Dismiss and Motion for More Definite Statement ("Third Motion"), on the grounds that plaintiff fails to state a claim upon which relief can be granted and plaintiff's claims are barred by the statute of limitations. On April 29, 2016, plaintiff filed an Opposition to the Third Motion.

On May 19, 2016, plaintiff filed an application for entry of default against Bresee and default was entered by the Clerk on May 24, 2016. On June 20, 2016, Bresee filed a Motion to Set Aside Default ("Motion to Set Aside"). Plaintiff filed his Opposition on July 11, 2016, and Bresee filed his Reply on July 18, 2016. On the same date, plaintiff filed a Motion for Extended Time to Serve Defendant Donna Brush Per Judge's Order ("Motion for Extension"), together with a supporting declaration. On July 22, 2016, Brush filed a Joinder to Motions to Dismiss and Motions for More Definite Statement ("Joinder").

On August 2, 2016, the Court issued its Report and Recommendation ("R&R") wherein it recommended that defendants' First, Second, and Third Motions to Dismiss be granted; that Brush's Joinder be denied as moot; that Bresee's Motion to Set Aside Default be granted and that the Clerk's entry of default against Bresee be set aside; that plaintiff's Motion for Extension be denied as moot; that the Complaint be dismissed with leave to amend; and that if plaintiff still desired to pursue this action, he must file a First Amended Complaint within (30) days of the date of the District Court's Order accepting the R&R.

///

On September 20, 2016, the District Court accepted the R&R. Accordingly, as the Complaint was dismissed with leave to amend, plaintiff's First Amended Complaint was due on or before October 20, 2016.

Plaintiff has failed to file a First Amended Complaint within the allotted time, nor has he requested an extension of time within which to do so. Accordingly, on or before **November 21, 2016**, plaintiff is ORDERED to (a) show good cause in writing, if any exists, why plaintiff has not filed his First Amended Complaint; or (b) file his First Amended Complaint; or (c) advise the Court that he does not desire to proceed with this action. Plaintiff is forewarned that, if he fails to show cause, or otherwise respond to this Court's Order, the Court will construe such unresponsiveness as further evidence of plaintiff's lack of prosecution of this action, and that such lack of prosecution will constitute a basis to dismiss this action in its entirety.

DATED: October 31, 2016

THE HONORABLE DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE